In the Matter of the Construction of the Last Will and Testament of IRVING I. BLOOMINGDALE, Deceased, with Respect to Priority between ROSALIE BANNER BLOOMINGDALE, DONALD BLOOMINGDALE and GEANNE HUGHES BLOOMINGDALE.

GEANNE HUGHES BLOOMINGDALE, Respondent, Appellant; ROSALIE BANNER BLOOMINGDALE and DONALD BLOOMINGDALE, Petitioners, Appellants, Respondents; GEANNE HUGHES BLOOMINGDALE and RICHMOND J. REESE, as Executors, etc., of IRVING I. BLOOMINGDALE, Deceased, Respondents. (Appeal No. 1.)

In the Matter of the Last Will and Testament of IRVING I. BLOOMINGDALE, Deceased.

GEANNE HUGHES BLOOMINGDALE, Respondent, Appellant; ROSALIE BANNER BLOOMINGDALE and DONALD BLOOMINGDALE, Petitioners, Appellants, Respondents; GEANNE HUGHES BLOOMINGDALE and RICHMOND J. REESE, as Executors, etc., of IRVING I. BLOOMINGDALE, Deceased, Respondents. (Appeal No. 2.)

In the Matter of the Last Will and Testament of IRVING I. BLOOMINGDALE, Deceased.

GEANNE HUGHES BLOOMINGDALE, Appellant; ROSALIE BANNER BLOOMINGDALE and DONALD BLOOMINGDALE, Petitioners, Respondents; GEANNE HUGHES BLOOMINGDALE and RICHMOND J. REESE, as Executors, etc., of IRVING I. BLOOMINGDALE, Deceased, Respondents. (Appeal No. 3.)

First Department, December 3, 1937.

*Max D. Steuer* of counsel [*Sidney O. Friedman* with him on the brief], for the petitioners, appellants, respondents, Rosalie Banner Bloomingdale and Donald Bloomingdale.

*Arthur T. O'Leary* of counsel [*Edward W. Rooney* with him on the brief], for the respondent, appellant, Geanne Hughes Bloomingdale.

*Richmond J. Reese* of counsel [*Alexander J. Lindsay* and *Richmond J. Reese*, attorneys], for the executor, respondent, Richmond J. Reese.

PER CURIAM. We find no irreconcilable conflict between the decree dated October 8, 1936, and the supplemental decree dated January 18, 1937, in so far as the respective rights of the divorced wife and the widow are concerned. The original decree provides that neither shall be entitled to a preference over the other " in the payment to each of the annual sum of $72,000," and that if,

in setting up the trusts, the assets of the estate are found to be insufficient to produce annual incomes of $72,000 each, the principals of these trusts shall abate equally. The supplemental decree continues these provisions but provides for the contingency which, it is true, may be imminent, that if the incomes of Trust A-1 or A-2 shall fall short of $66,600 and $5,400, respectively, the *surplus* income of Trust C, and if necessary the principal, may be invaded for that purpose. These provisions of the decrees, when read together, are, in our opinion, in accord with the will and codicil.

The supplemental decree may, therefore, properly be regarded as in amplification of the original decree. As such it may be treated as explanatory of matters theretofore not specifically provided for but determined upon the same record. In saying this we have disregarded the statement of which counsel for the widow complains to the effect that it was conceded that there is now sufficient income to permit payment of the net amounts fixed by the will and codicil to the three beneficiaries and have limited our consideration to the record on which the original decree was made. In this view we think no new record was necessary to sustain the supplemental decree.

The decree dated October 8, 1936, the supplemental decree dated January 18, 1937, and the order denying resettlement of the supplemental decree should be affirmed, without costs.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Decree dated October 8, 1936, the supplemental decree dated January 18, 1937, and the order denying motion for resettlement of the supplemental decree unanimously affirmed, without costs.